United States District Court
Southern District of Texas
**ENTERED**
February 05, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ANTHONY GATES, (SPN #00845800) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-18-4301 |
| JUDGE L. JIM WALLACE, et al., Defendants. | § § § § | |

## MEMORANDUM AND OPINION

Christopher Anthony Gates, an inmate of the Harris County Jail, sued in December 2018, alleging civil rights violations resulting from a denial of due process. Gates, proceeding pro se and in forma pauperis, sues Judge L. Jim Wallace; Judge Amy Martin; the Harris County District Attorney; and Jerome Godinich, court-appointed defense counsel.

The threshold issue is whether Gates's claims should be dismissed as frivolous.

### I.   Plaintiff's Allegations

Gates complains that he has been held in the Harris County Jail for sixteen months without an indictment. He claims that each of the named defendants are responsible for his prolonged detention. Gates asserts that an unnamed bailiff used excessive force against Gates on June 7, 2018. Gates asserts that he was assaulted by a fellow inmate, Ben Slapt. As a result, Gates sustained head trauma, injury to his foot, and injury to a ligament in his shoulder which requires surgery.

On July 16, 2018, Gates asked about his indictment. The judge of the 263rd Judicial District Court of Harris County, Texas told Gates to be quiet. Gates states that he began banging on the

plexiglass, and his attorney became upset. Though Gates demanded to go to trial, his trial date was postponed to February 25, 2019.

Gates seeks compensatory damages of $100,000,000.00.

Online research reveals that a grand jury of the 263rd Judicial District Court of Harris County, Texas, indicted Gates for indecency with a child on October 20, 2017. (Cause Number 1560520).

## II. Standard of Review

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. Claims Against Judges

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly; a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White,* 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Gates challenges the acts and omissions of Judge Wallace, who presided over his pre-trial criminal proceedings. Online research reveals that Judge Wallace was the presiding judge of the 263rd Judicial District Court of Harris County, Texas, and Judge Amy Martin is the current presiding judge of that court. Conducting pre-trial proceedings are normal judicial functions. The criminal case against Gates was properly in Judge Wallace's court. The complained-of acts against Judge Wallace arose out of his handling of the pre-trial proceedings. The challenged acts of Judge Wallace were judicial acts. Gates does not allege, nor does the record support, a clear absence of jurisdiction on the part of this judicial officer. Gates's claims against Judge Wallace lack merit because Gates is seeking relief from a party who is immune from suit.

### IV. The Claim Based on Prosecutorial Misconduct

Gates seeks damages against an Assistant Harris County District Attorney for conduct in the prosecution of the criminal case in the 263rd Judicial District Court of Harris County, Texas. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Texas State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id*. Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Gates complains of are related to the judicial process and were undertaken in furtherance of the attorney's advocacy function in his representation of the government. The Assistant Harris County District Attorney is entitled to absolute immunity from Gates's suit, and the damages claims against him are dismissed.

## V. Claims Against the Defense Attorney

Gates's claims for damages for deprivations of constitutional rights must proceed under 42 U.S.C. § 1983. That statute requires Gates to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The conduct of a private person, such as Jerome Godinich, is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Gates's claims against Godinich for ineffective assistance of counsel cannot support a damages suit under section 1983 because the attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995) (holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Gates has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law. Gates's civil rights claims against Godinich are DISMISSED as frivolous.

## VI. Remaining Claims

As noted in Section I, *supra*, Gates makes claims against a fellow inmate for an assault that took place in June 2018. Gates also complains of an excessive use of force by an unnamed bailiff.

Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as

independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. By naming multiple defendants and including numerous transactions, Gates's complaint does not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed).

This Court has addressed Gates's claims again Judge Wallace, the Harris County District Attorney's Office, and Gates's court-appointed attorney, Godinich. Gates claimed that all of these defendants were involved in prolonging his detention at the HCJ. Gates's claims of an excessive use of force do not involve all of the defendants. For this reason, Gates's claims based on an alleged use of excessive force are DISMISSED as improvidently joined.

### VII. Conclusion

The action filed by Christopher Anthony Gates (SPN Inmate #00845800) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Gates's claims based on an alleged use of excessive force are DISMISSED as improvidently joined. Any remaining pending motions are DENIED as moot.

The Clerk is directed to provide a copy of this Order to the Manager of the Three-Strikes List

for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on __January 30__, 2019.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE